UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESSICA LYNN DOYLE,<br><br>    Plaintiff,<br><br>v.<br><br>LEXINGTON LAW FIRM,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:16-cv-03439<br><br>DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW comes JESSICA LYNN DOYLE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of LEXINGTON LAW FIRM ("Defendant"), as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 20 year old natural person residing at 4521 East Washington Street, Apartment C5, Indianapolis, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

7. Defendant is a privately owned law firm specializing in credit repair services. Defendant's headquarters are located at 360 North Cutler Drive, North Salt Lake, Utah.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

9. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

10. Defendant's solicitation and attempted collection calls towards Plaintiff are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

12. Several months ago, Plaintiff was looking for rent-to-own properties and conducted an online search where she *may* have inadvertently agreed to be contacted by various companies, including credit repair services. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

13. In approximately November 2016, Plaintiff began receiving phone calls from Defendant to her cellular phone, (317) XXX-9720. *See* Exhibit A.

14. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 9720. Plaintiff is and has always been financially responsible for the cellular phone and its services.

15. The phone number that Defendant has most often used to call Plaintiff from is (801) 204-5288, but other numbers may have been used as well. *Id.*

16. Upon information and belief, the phone number ending in 5288 is regularly utilized by Defendant during its solicitation of consumers in Indiana.

17. When Plaintiff answers calls from Defendant, she experiences a brief pause, three to four seconds in length, before being connected to a live representative. *Id.*

18. Upon initially speaking with one of Defendant's representatives, Plaintiff was interested in learning more about its credit repair services. *Id.*

19. A short while thereafter, Defendant began placing numerous phone calls to Plaintiff's cellular phone seeking solicitation and payment for services which were not agreed upon. *Id.*

20. After informing one of Defendant's representatives that she did not agree to those services, Plaintiff immediately demanded that it stops calling her, and was assured that she would be removed from its call list. *Id.*

21. Despite Plaintiff's demands and Defendant's assurances that she would no longer be contacted, it has continued to call Plaintiff's cellular phone up until the date of the filing of the instant action. *Id.*

22. Even after notifying it that she did not wish to be contacted, Plaintiff has reiterated this demand to Defendant on multiple calls thereafter. *Id.*

23. Nevertheless, Defendant has continued to call Plaintiff's cellular phone on a daily basis. *Id.*

24. Defendant has called Plaintiff's cellular phone multiple times in a single day, and if a call is not answered, it leaves her recorded voice messages. *Id.*

25. Plaintiff's roommate, Steven Pelle, and her fiancé, Jason Cooper, have both been present during many of these phone calls where she has informed Defendant to stop contacting her. *Id.*

26. Plaintiff has received at least 25 calls from Defendant after asking it to stop calling. *Id.*

27. Seeing no alternative to ending Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

28. Seeking to stop the calls from Defendant, Plaintiff has expended money purchasing and maintaining an application on her cellular phone to block its numbers. *Id.*

29. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

30. Plaintiff has suffered financial loss as a result of Defendant's conduct.

31. Plaintiff has been unfairly harassed by Defendant's actions, resulting in an increased stress level.

32. Plaintiff has suffered concrete harm as a result of Defendant's actions.

<u>COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u>

33. Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

34. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the

capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

35. Defendant used an ATDS in connection with it communications directed towards Plaintiff. The brief pause that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is indicative of an ATDS. Similarly, the frequency, nature and origin of Defendant's calls strongly suggests that an ATDS was used.

36. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff does not specifically recall giving Defendant initial permission to contact her. However, even if she had, any consent she *may* have given was explicitly revoked by her multiple instructions that she was no longer interested in its services and to discontinue the calls.

37. The calls placed by Defendant to Plaintiff were regarding business solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

38. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Plaintiff made numerous and repeated demands to Defendant to cease contacting her.

WHEREFORE, Plaintiff, JESSICA LYNN DOYLE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Awarding Plaintiff costs and reasonable attorney fees;

    d. Enjoining Defendant from further contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE**
**INDIANA DECEPTIVE CONSUMER SALES ACT**

39. Plaintiff repeats and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Defendant violated I.C. 24-5-0.5-3 (a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic solicitation of Plaintiff.

41. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

42. Defendant violated 815 ILCS 505/2 by engaging in abusive and deceptive behavior in its transactions with Plaintiff. Through systematic harassment, Defendant used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified on multiple occasions that Plaintiff had no interest in its services and to stop calling her cellular phone. However, Defendant ignored these prompts in an abusive attempt to coerce Plaintiff into utilizing and paying for Defendant's services.

43. Placing numerous calls after repeatedly being told to stop was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing her phone to ring repeatedly.

44. In violating the TCPA, Defendant engaged in illegal behavior during its solicitation towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

45. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

46. Defendant's conduct is part of a purposeful and systematic scheme to illegally solicit unsophisticated consumers who may not be aware of their rights. Plaintiff told Defendant to stop calling, however, Defendant's conduct is an incurable deceptive act of which notice would not remedy.

47. Plaintiff made numerous attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her. Instead of stopping, it has continued to call her using different phone numbers. Incessantly calling her cellular phone using a variety of phone numbers is deceptive behavior that evidently could not be cured.

48. Defendant's conduct is part of a systematic scheme to fraudulently contact consumers in Indiana. Upon information and belief, Defendant conducts the same type of behavior on a wide and frequent basis.

49. As pled in paragraphs 26 through 32, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, JESSICA LYNN DOYLE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 20, 2016

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com